## SCUNCIO MOTORS, INC., et al.

v.

## Joshua TEVEROW et al.

### No. 93–57–Appeal.

Supreme Court of Rhode Island.

Dec. 13, 1993.

William Chaika, Chaika & Chaika, Cranston, for plaintiff.

Raymond A. LaFazia, Gunning, LaFazia & Gnys, Providence, for defendant.

## OPINION

### PER CURIAM.

This case came before the court for oral argument on November 9, 1993, pursuant to an order directing the parties to show cause why the defendants' appeal should not be summarily decided. The defendants, Joshua Teverow and Letts, Quinn & Licht, appeal from a judgment for the plaintiffs, Scuncio Motors, Inc., and Joseph Scuncio. After reviewing the memoranda submitted by the parties and after hearing the oral arguments of counsel, we are of the opinion that cause has not been shown. The issues will be summarily decided. We sustain the appeal.

Scuncio Motors, Inc. (Scuncio), an automobile dealer holding a franchise from Subaru of New England (Subaru), in early July 1981 retained attorney Joshua Teverow (Teverow), an associate with the law firm of Letts, Quinn & Licht, to renegotiate its franchise with Subaru. In its suit, Scuncio alleged that its reliance on Teverow's negligent legal advice proximately caused Scuncio's loss of its Subaru franchise, following which loss plaintiffs commenced this action. Previously, Subaru negotiated extended franchise contracts with Scuncio at six-month or one-year intervals, but in 1981, it required as a condition of renewing the franchise for another three years that Scuncio either construct new facilities at a suitable location or relocate to larger existing facilities within a specified area. Teverow accompanied Joseph Scuncio (Mr. Scuncio) to a "refranchising" meeting on July 24, 1981, at Subaru's offices in Norwood, Massachusetts. Mr. Scuncio told Teverow that he had no intention of constructing new facilities and incurring indebtedness. On the other hand, Mr. Scuncio concluded that if he refused to sign Subaru's franchise agree-

ment, "they would have started termination proceedings within the week or immediately." Teverow advised Mr. Scuncio that if he did not sign the agreement, and if Subaru terminated the franchise, Scuncio could bring an immediate court suit. Teverow reasoned that signing the agreement would afford the company some limited additional time before termination by Subaru in the event Mr. Scuncio could not relocate. Mr. Scuncio further alleges that Teverow advised that the General Assembly would in its next session enact legislation that would retroactively protect the dealership from the agreement's coercive mandates. Faced with the Hobson's choice of immediate termination of the franchise by not signing or of buying borrowed time by signing, Mr. Scuncio took Teverow's advice and signed the agreement.

Predictably, in August 1982, Subaru notified Scuncio of its intention and decision to terminate and cancel its dealership agreement effective December 1, 1982. Subaru charged, "[Y]ou had absolutely no intention of complying with the provisions of your Agreement pursuant to which you committed to relocate * * *. Your blatant disregard for the obligations you negotiated * * * and your announced intention not to comply with those provisions constitute bad faith conduct."

At trial, the jury was instructed on causation and damages and returned a verdict against both defendants in the amount of $200,000. The trial justice thereafter denied defendants' reserved motion for a directed verdict as well as their motion for a new trial and motion for reconsideration.

■ On this record, we sustain defendants' appeal. The trial justice erred in not granting a directed verdict for defendants. When the facts elicited during the trial are taken in the light most favorable to plaintiffs, such a verdict was the only one that could reasonably have been returned. See Brenner Associates, Inc. v. Rousseau, 537 A.2d 120, 123 (R.I.1988). The trial justice erred in not ruling as a matter of law that Teverow's advice did not prejudice plaintiffs. We are of the opinion that plaintiff was doomed to lose his franchise because of his inability to meet Subaru's minimum standards. Signing the

agreement only delayed the inevitable termination by Subaru.

The plaintiffs have not established that *but for* the attorney's negligence or advice, the agreement would not have been canceled. As we have noted in *Evora v. Henry*, 559 A.2d 1038, 1039 (R.I.1989), "[T]he client must still prove, in order to prevail in a legal malpractice action, that the negligence was the proximate cause of his or her damages or loss."

Furthermore, Mr. Scuncio testified that he was familiar with the aforementioned proposed legislation before Teverow mentioned it, no doubt in the course of his duties as a member of the Rhode Island Motor Vehicles Dealers' License Commission. Therefore, his reported reliance thereon could not have been derived wholly, if to any degree, from Teverow's advice. Scuncio's civil action in Federal District Court (*Scuncio Motors, Inc. v. Subaru of New England, Inc.*, 555 F.Supp. 1121 (D.R.I.1982), *aff'd,* 715 F.2d 10 (1st Cir. 1983)) is irrelevant to our decision here.

Consequently, we sustain the defendants' appeal. The judgment of the Superior Court is reversed, and the case is remanded to the Superior Court for entry of judgment for both defendants.