MACERA BROTHERS OF
CRANSTON, INC.

v.

GELFUSO & LACHUT, INC.

No. 98–201–Appeal.

Supreme Court of Rhode Island.

Nov. 17, 1999.

Robert J. Sgroi, Warick, for plaintiff.

John F. Dolan, Providence, for defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on September 22, 1999, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The plaintiff, Macera Brothers of Cranston, Inc. (Macera), appeals from a Superior Court judgment. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised in this appeal should be summarily decided.

This appeal arises from a legal malpractice claim in which summary judgment was granted in favor of defendant, Gelfuso & Lachut, Inc. (Gelfuso). Gelfuso served as legal counsel to Macera in a legal dispute with Truk Away of Rhode Island, Inc., and David J. Wilson, one of the owners of Truk Away of Rhode Island, Inc. (Truk Away). The facts of that underlying legal action are contained in *Truk Away of Rhode Island, Inc. v. Macera Bros. of Cranston, Inc.*, 643 A.2d 811 (R.I.1994). The defendant in the present action was charged with negligence in the conduct of the *Truk Away* case because of his failure to request the trial justice to order a security bond to protect Macera in the event of a wrongfully granted injunction.

In *Truk Away*, we determined that the trial justice was clearly wrong in his issuance of an injunction against the awarding

of a city-wide sanitation contract. Essentially, the trial justice found the specifications and the addenda to be so confusing as to render the awarding of the sanitation contract a "palpable abuse of discretion." We reversed, finding that "[i]n the absence of bad faith or corruption, a finding of palpable abuse of discretion should be approached with grave caution and be based upon much more compelling evidence of arbitrariness or capriciousness than may be found in mere complexity." *Truk Away,* 643 A.2d at 816.

In so doing, we advised Superior Court justices to exercise great care before issuing an injunction against the awarding of either a state or municipal contract. We mandated that in future cases a party seeking injunctive relief under Rule 65 of the Superior Court Rules of Civil Procedure shall give security for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

We further noted that no security was ordered in this case and that this was not unusual because Rule 65 made the ordering of such security prior to the issuance of *Truk Away* not mandatory, but subject to the exercise of choice or discretion by the trial justice. In granting summary judgment in favor of Gelfuso, the motion justice reasoned that because the trial justice's granting of such security was discretionary at the time, one could not definitively say whether such security would have been ordered. An order was entered granting summary judgment on September 25, 1997, and final judgment was entered on the same date.

■■■ This Court reviews the granting of a motion for summary judgment on a *de novo* basis. *Marr Scaffolding Co. v. Fairground Forms, Inc.,* 682 A.2d 455, 457 (R.I.1996). In conducting such a review, we are "bound by the same rules and analysis as those employed by the trial justice." *Rotelli v. Catanzaro,* 686 A.2d 91, 93 (R.I.1996). Accordingly, we shall

affirm a motion for summary judgment only when a review of the evidence in the light most favorable to the nonmoving party reveals no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. *Accent Store Design, Inc. v. Marathon House, Inc.,* 674 A.2d 1223, 1225 (R.I.1996). Moreover, a party who opposes a motion for summary judgment carries the burden of proving by competent evidence the existence of a disputed material fact and cannot rest on the allegations or denials in the pleadings or the conclusions or on legal opinions. *Manning Auto Parts, Inc. v. Souza,* 591 A.2d 34, 35 (R.I.1991).

■■■ A civil malpractice claim is, in essence, a negligence claim. In order to prevail on a negligence-based legal malpractice claim, a plaintiff must prove by a fair preponderance of the evidence not only a defendant's duty of care, but also a breach thereof and the damages actually or proximately resulting therefrom to the plaintiff. "Failure to prove all three of those required elements, acts as a matter of law, to bar relief or recovery." *Vallinoto v. DiSandro,* 688 A.2d 830, 836 (R.I. 1997). Macera is required to prove that Gelfuso was negligent in its representation, and that the attorney's negligence was the proximate cause of any damage or loss. *Scuncio Motors, Inc. v. Teverow,* 635 A.2d 268, 269 (R.I.1993). The plaintiffs have not established that but for the attorney's negligence, a security bond would have been posted. It would be sheer speculation to inquire as to whether the trial justice would have ordered the posting of the bond since it was at his discretion. It is not unusual for a trial justice to fail to order a bond, as we stated in *Truk Away* :

> "In respect to the remedy sought by Macera, we are constrained to point out that no security was ordered in this case. This is not unusual, since the rule makes the ordering of such security prior to the issuance of this opinion not mandatory but subject to

the exercise of choice or discretion by the Superior Court." *Truk Away,* 643 A.2d at 816.

We thereby conclude that the posting of the security bond was a discretionary decision vested with the trial justice, and thus there was no causation as a matter of law.

The plaintiff also asserts the doctrine of "loss of chance" to try to establish the causal link between the defendant's breach of duty and the plaintiff's damages. However, this issue was not adequately preserved in the Superior Court, and thus this Court will not address it at this time.

For these reasons the plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.