Virginia M. DiMATTIA

v.

Philip A. DiMATTIA.

No. 99–161–A.

Supreme Court of Rhode Island.

Jan. 14, 2000.

Jerry L. McIntyre, Providence.

Donald R. Lembo, North Providence.

## O R D E R

The defendant, Philip A. DiMattia, appeals from a Family Court decision pending entry of final judgment and from an order that denied his motion to bifurcate and that entered final judgment dissolving the marriage between the parties during the pendency of this appeal. Following a conference before a single justice of this Court, this case was referred to the full Court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure.

The parties were married on October 13, 1966 and had three children, all of whom were adults at the time the complaint for divorce was filed. After a lengthy trial in the Family Court, a bench decision was issued in which both plaintiff Virginia DiMattia's complaint and defendant's counterclaim for divorce were granted on the grounds that irreconcilable differences exist between the parties which caused the irremediable breakdown of the marriage. On appeal, defendant challenges various findings of fact and rulings made by the trial justice, especially in regard to the assignment of property and award of alimony. The defendant also claims that the trial justice erred in denying his motion to modify the order of temporary support entered during the pendency of this case, and in ordering that he pay counsel fees to his wife to purge himself of contempt. It is well-settled that the findings of a trial justice sitting without a jury are entitled to great weight and will not be disturbed on appeal unless those findings are clearly wrong or the trial justice overlooked or misconceived material evidence. *Seabra v. Trafford–Seabra,* 655 A.2d 250, 252 (R.I. 1995) (quoting *Tarro v. Tarro,* 485 A.2d 558, 564–65 (R.I.1984)). Our review of the record in this case reveals that the trial justice's distribution of marital assets, award of alimony, denial of the motion to modify the award of temporary support, and award of counsel fees to the wife are supported by competent evidence and are affirmed.

In the decision pending entry of final judgment, the trial justice ordered that defendant advise his attorney of his receipt of any inherited funds. From those funds, the trial justice required Mr. DiMattia to pay his own attorney the counsel fees he incurred to date and to pay $2,000 in counsel fees to plaintiff's attorney to purge himself of contempt. Any remaining balance of those funds must be applied to the arrearage defendant owes to plaintiff. The defendant now argues that the trial justice essentially made an equitable distribution of a non-marital asset in restricting plaintiff's use of inherited funds. The assignment of an interest in the inherited property of one spouse to the other is prohibited by G.L.1956 § 15–5–16.1(b). This Court has held that the Family Court has "the authority in a divorce proceeding to assign or attach the estate of either party to secure payment of child support and alimony." *Brierly v. Brierly,* 431 A.2d 410, 416 (R.I.1981). Further, § 15–5–16(a) provides that the Family Court may order "either of the parties to pay alimony or counsel fees or both to the other." While it was proper to order defendant to pay plaintiff support arrearages and counsel fees from inherited funds, we find no authority which allows a trial justice in a divorce proceeding to require a party to pay his own attorney.

The defendant filed a motion to bifurcate the case pending appeal and to order that judgment be entered granting the

final decree of divorce. The trial justice denied this motion, finding that defendant "does not have clean hands" and that, due to his absence from the hearing on the motion, she did not have the opportunity to inquire of him whether this was what he wanted done and whether he would respond to motions that plaintiff had previously filed. This Court has held that a Family Court justice is permitted to enter a final judgment of divorce while other issues contained in the decision pending entry of final judgment remain on appeal. *Koziol v. Koziol*, 720 A.2d 230, 232 (R.I. 1998). The entry of final judgment is not required, however, upon the motion of a party; a trial justice exercises some discretion to determine whether the entry of judgment is proper under the circumstances. We conclude that the trial justice did not abuse her discretion in denying defendant's motion in this case.

For the reasons stated above, the defendant's appeal is sustained in part and denied in part and the case is remanded to Family Court.