BENCH DECISION
Before the Court is a Rule 56 motion for summary judgment brought by National Grange Mutual Insurance Company (defendant). Jurisdiction is pursuant to G.L. 1956 § 8-2-14.
In July, 1998, Michael LaBonte (plaintiff), a self employed painting contractor, performed painting services on the exterior of a residential condominium in Newport, R.I. As part of the services he rendered, the plaintiff sanded the surface of the exterior before painting. After working on the condominium, the plaintiff learned that one of its residents, Kelly Murphy, had alleged that her minor son, Hugo Avengo, had been poisoned by lead based paint chips that the plaintiff had removed from the exterior of the building. On September 11, 1998, upon learning of this allegation, the plaintiff contacted the defendant, who was at all times relevant to this matter the plaintiff's commercial liability insurer, to inform it of Ms. Murphy's allegation.
On September 17, 1998, the defendant issued a reservation of rights letter to the plaintiff, reserving its right to deny coverage. In October, 1998, the Rhode Island Department of Environmental Management (DEM) informed the defendant that it received a complaint filed by Ms. Murphy that alleged that the plaintiff's sanding of the condominium's exterior caused her son to become lead poisoned.
In a letter dated January 22, 1999, the defendant's attorney requested that the plaintiff submit to an examination conducted under oath. The plaintiff refused, claiming that the operative policy did not require such an examination, and that he had already answered the defendant's questions concerning Ms. Murphy's allegations.
After apparently several attempts by the defendant's attorney to have the plaintiff agree to an examination, the defendant filed an action in the U.S. District Court of Rhode Island, seeking a determination of whether the plaintiff violated the terms of his policy by not allowing the examination, and whether the Total Pollution Exclusion Clause of the policy would bar coverage of a potential claim arising out of Ms. Murphy's allegations. The plaintiff filed a counterclaim, arguing that (1) the defendant acted in bad faith by filing its complaint, and (2) that the defendant's complaint amounted to an abuse of process.
On February 16, 2000, U.S. District Court Judge Ronald R. Lagueux stayed the defendant's action until further order of that court. On February 18, 2000, the plaintiff filed a notice of dismissal of his counterclaim, without prejudice. The plaintiff then filed a complaint in this Court.
The operative complaint at bar is a four count amended complaint in which the plaintiff alleges that: (1) the defendant's acted in bad faith by filing the federal court action; (2) the filing of the federal action constituted an abuse of process; (3) the defendant has breached its fiduciary duty to the plaintiff; and (4) the defendant has breached its contract with the plaintiff.
 Summary Judgment Standard
Summary Judgment is a "drastic remedy to be granted sparingly only when a review of all pleadings, affidavits, and discovery materials properly before the court demonstrates that no issue of fact material to the determination of the lawsuit is in genuine dispute." Superior Boiler Works, Inc. v. R.J. Sanders, Inc., 674 A.2d 1223, 1223 (R.I. 1996). If no such issue of fact does exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. Alfano v. Landers, 585 A.2d 651 (R.I. 1991).
 Analysis
Count One of the plaintiff's amended complaint alleges that the defendant's actions constituted bad faith, in violation of G.L. 1956 § 9-1-33. That section of the General Laws provides in part that:
 "(a). . . an insured . . . may bring an action against the insurer . . . when it is alleged the insurer wrongfully and in bad faith refused to pay or settle a claim . . . or otherwise wrongfully and in bad faith refused to timely perform its obligations under the contract of insurance."
The plaintiff does not contend that the defendant refused to pay or settle a claim, as there has been no claim filed to date. The plaintiff's claim, therefore, is that the defendant's actions amounted to a refusal to timely perform its obligations under the policy. This argument fails. None of the facts that the plaintiff has alleged give rise to a refusal to perform obligations on the defendant's part. Our Supreme Court, in Rumford Property Liability Ins. Co. v. Carbone, 590 A.2d 398 (R.I. 1991) held that an insurance provider's questioning of coverage through such means as a declaratory judgment action may be viewed as a clarification attempt, rather than a bad faith attempt to avoid coverage. See id. at 401.
In Count Two, the plaintiff alleges that the defendant's actions constituted an abuse of process.
The action of abuse of process provides a remedy for a claim arising when a legal procedure, although set in motion in proper form, has been perverted to accomplish an ulterior or wrongful purpose for which it was not designed. Nagy v. McBurney, 392 A.2d 365, 370 (R.I. 1978) (citations omitted). In order to sustain a claim of abuse of process, a claimant must establish that there truly was an ulterior or wrongful purpose for the original action. The plaintiff has provided this Court with nothing beyond mere allegations to demonstrate that the defendant's motivation for filing the federal action had any purpose other than that which the defendant represented to this Court and to the federal court.
In Count Three, the plaintiff claims that the defendant breached its fiduciary duties to the plaintiff. It is clear to this Court that such a claim is at best premature — since any duties that would arise would come after a claim has been filed. No claim had been filed with the defendant by Ms. Murphy at the time of the filing of this action. For the same reason, Count Four, the plaintiff's breach of contract claim, is also premature at best.
A party opposing a Rule 56 summary judgment motion has an affirmative duty to set forth specific facts that show that there is a genuine issue of material fact to be resolved at trial, and cannot rest on the allegations or denials in the pleadings. See Accent Store Design, Inc. v. Marathon House, Inc., 674 A.2d 1223 (R.I. 1996); Macera Brothers of Cranston, Inc. v. Gelfuso Lachut, Inc., 740 A.2d 1262 (R.I. 1999). The plaintiff here has failed to meet his burden, but has instead relied on bald faced allegations in an attempt to demonstrate that genuine issues of fact exist. After a review of all the records in the matter at bar, this Court finds that no genuine issue of fact exists, and that the defendant is entitled to judgment as a matter of law on all four of the plaintiff's claims. The defendant's motion for summary judgment is granted.
Counsel shall submit an appropriate order and judgment for entry.