Diane S. CRONAN

v.

Lise M. IWON, Esq., et al.

No. 2007–360–Appeal.

Supreme Court of Rhode Island.

June 11, 2009.

Diane S. Cronan.

Raymond A. LaFazia, Providence, John T. Walsh, Jr., Cumberland, Mark T. Nugent, Providence, Malina J. Mannix.

## O R D E R

The plaintiff, Diane S. Cronan (plaintiff), appeals *pro se* from the Superior Court's entry of summary judgment in favor of the defendant attorneys (defendants). For the reasons hereinafter set forth, we affirm the judgment of the Superior Court.

This case arises from defendants' legal representation of plaintiff in her divorce from her former husband. The divorce proceedings commenced in the Family Court on October 4, 1996, when plaintiff's former husband filed a complaint for divorce. During the divorce proceedings, the Family Court justice appointed defendant Lise M. Iwon, Esq., to serve as plaintiff's guardian *ad litem*; the other defendants worked as plaintiff's attorneys during various stages of the litigation. At a hearing on September 29, 1998, plaintiff's accountant testified that he had not completed (on plaintiff's behalf) his evaluation of the parties' respective accounts because he had not received bank- and credit-card statements from the husband. The accountant further testified that he had notified defendants of the problem, and

that one of the attorneys had replied that he would address the matter in the Family Court. This testimony prompted the trial justice to deny defendants the statements and to admonish them for waiting two months before trying to obtain the documents.

On April 5, 1999, the Family Court justice entered a decision pending entry of final judgment that divided the marital estate roughly in half and awarded plaintiff lifetime alimony. The plaintiff subsequently filed a notice of appeal, which she later withdrew. The defendants thereafter submitted to the Family Court justice affidavits and a proposed order detailing their attorneys' fees. On June 2, 1999, the trial justice entered an order requiring that defendants' attorneys' fees and costs be paid from plaintiff's share of the marital estate.[1] The plaintiff thereafter wrote defendants several letters directing them to object to the fees order, which they did not do. Neither plaintiff nor defendants appealed the order. Final judgment of divorce was entered on July 16, 1999.

In response to plaintiff's continued concern that her husband had not disclosed fully all marital assets, defendants thereafter filed a motion requesting review of the marital estate. On December 10, 1999, the Family Court justice issued an order directing the husband to provide all relevant records spanning the period between October 18, 1998 and July 16, 1999, to a designated certified public accountant (CPA). After reviewing the records, the CPA concluded in his report that he was unable to identify any additional marital assets that had not been properly included with the assets distributed in the divorce decree.

---

1. In DiMattia v. DiMattia, 747 A.2d 1008, 1008 (R.I.2000) (mem.), decided after the final disposition of the underlying divorce case and thus inapplicable here, we clarified that the Family Court lacks authority in a divorce proceeding to require a party to pay his or her own attorney.

The plaintiff filed the instant action in the Superior Court on May 28, 2002. In her third amended complaint, plaintiff alleged seven claims against defendants: (1) legal malpractice; (2) fraud; (3) conspiracy to commit fraud; (4) breach of fiduciary duties; (5) breach of contract; (6) intentional infliction of emotional distress; and (7) negligent infliction of emotional distress. Following discovery, defendants moved for summary judgment. After oral argument on the motions on April 17, and September 12, 2007, the motion justice granted summary judgment for defendants with respect to all seven claims. Final judgment was entered in the case in favor of all defendants on September 24, 2007, and plaintiff thereafter filed a timely *pro se* notice of appeal on October 4, 2007.

The plaintiff appeals the grant of summary judgment for all defendants only with respect to the first four claims: (1) legal malpractice; (2) fraud; (3) conspiracy to commit fraud; and (4) breach of fiduciary duties.

"This Court reviews a grant of summary judgment *de novo*, applying the same standards as the motion justice." *Sansone v. Morton Machine Works, Inc.*, 957 A.2d 386, 393 (R.I.2008) (quoting *National Refrigeration, Inc. v. Travelers Indemnity Co. of America*, 947 A.2d 906, 909 (R.I. 2008)). "Summary judgment is appropriate when no genuine issue of material fact is evident from 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' and the motion justice finds that the moving party is entitled to prevail as a matter of law." *Id.* The nonmoving party bears the burden of proving "by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." *D'Allesandro v. Tarro*, 842 A.2d 1063, 1065 (R.I.2004) (quoting *Santucci v. Citizens Bank of Rhode Island*, 799 A.2d 254, 257 (R.I.2002)).

"[T]o prevail on a negligence-based legal malpractice claim, a plaintiff must prove by a fair preponderance of the evidence not only a defendant's duty of care, but also a breach thereof and the damages actually or proximately resulting therefrom to the plaintiff." *Richmond Square Capital Corporation v. Mittleman*, 773 A.2d 882, 886 (R.I.2001) (quoting *Macera Brothers of Cranston, Inc. v. Gelfuso & Lachut, Inc.*, 740 A.2d 1262, 1264 (R.I. 1999)). Failure to prove each of these requisite elements "acts as a matter of law, to bar relief or recovery." *Ahmed v. Pannone*, 779 A.2d 630, 633 (R.I.2001) (quoting *Macera Brothers of Cranston, Inc.*, 740 A.2d at 1264).

A party opposing a motion for summary judgment on a legal malpractice claim "generally must present expert evidence, in the form of an affidavit or otherwise, establishing the standard of care" and the alleged deviation therefrom that caused damages. *Ahmed*, 779 A.2d at 633 (citing *Focus Investment Associates, Inc. v. American Title Insurance Co.*, 992 F.2d 1231, 1239–40 (1st Cir.1993)). Expert evidence is required "unless the attorney's lack of care and skill is so obvious" that it would be a matter of common knowledge. *Focus Investment Associates, Inc.*, 992 F.2d at 1239. "Cases which fall into the 'common knowledge' category are those where the negligence is 'clear and palpable,' or where no analysis of legal expertise is involved." *Id.*; accord *Suritz v. Kelner*, 155 So.2d 831, 833–34 (Fla.Dist.Ct.App. 1963) (expert testimony not required where attorney directed clients not to answer interrogatories in violation of judge's order to answer on penalty of dismissal); *Collins v. Greenstein*, 61 Haw. 26, 595 P.2d 275, 276, 282 (1979) (expert testimony not required where attorney failed to file suit

within the appropriate statute of limitations period); *Sommers v. McKinney*, 287 N.J.Super. 1, 670 A.2d 99, 105 (App.Div. 1996) (no expert testimony needed to evaluate attorney's failure to inform client of settlement offer).

In this case, the hearing justice granted summary judgment on the legal malpractice claim based on plaintiff's failure to obtain an expert during the five-year pendency of her case, as well as on her representation at oral argument that she did not intend to employ one. The plaintiff argues that expert testimony was unnecessary because defendants' negligence was, as she contends, clear and palpable. We disagree.

The defendants' alleged failure to discover certain bank- and credit-card statements in assessing the value of the marital estate is a markedly less obvious transgression than an attorney's failure to file suit within the requisite statute-of-limitations period or to answer interrogatories under penalty of dismissal. *See Suritz*, 155 So.2d at 833, 834; *Collins*, 595 P.2d at 276, 282. The exact importance of the bank- and credit-card statements to the overall equitable distribution scheme is not clear from the record, nor is whether the information contained therein was obtainable from other sources. Considering further that the CPA's report following the equitable division of marital property found no missing assets, defendants' alleged negligence is not at all clear and palpable. Without expert testimony, plaintiff is unable to establish the appropriate standard of care or defendants' alleged breach thereof, as required to prove a claim of legal malpractice. Accordingly, the motion justice's granting of summary judgment with respect to this claim was appropriate.

The plaintiff next appeals the grant of summary judgment with respect to the claims of fraud and conspiracy to commit fraud. Both of these claims arise from the fees that defendants charged plaintiff for representing her in the divorce action. The plaintiff alleges, without evidentiary support beyond her own affidavit, that defendants initially had expressed to her that they would bill her collectively at the rate of one attorney per hour and that her former husband would be responsible for paying these fees. Instead, at the conclusion of the divorce proceedings, defendants each billed plaintiff, and not her former husband, for their own separate fees.

The motion justice granted summary judgment on each of these two claims after determining that they involved the same basic factual issue—the reasonableness and fairness of the fees charged by defendants—that the Family Court justice had resolved when he issued the order establishing the attorneys' fees and directing their payment. The motion justice concluded that because the Family Court already had adjudicated the fees to be reasonable, the parties were barred from relitigating the issue, and that therefore judgment should enter for defendants.

"The doctrine of collateral estoppel or issue preclusion * * * 'makes conclusive in a later action on a *different* claim the determination of issues that were actually litigated in a prior action.'" *Foster–Glocester Regional School Committee v. Board of Review*, 854 A.2d 1008, 1014 n. 2 (R.I.2004) (quoting *E.W. Audet & Sons, Inc. v. Fireman's Fund Insurance Co. of Newark, New Jersey*, 635 A.2d 1181, 1186 (R.I.1994)). Except where application of the doctrine would produce inequitable results, collateral estoppel operates to bar the relitigation of an issue when: (1) the party against whom collateral estoppel is sought is the same or in privity with a party in the previous proceeding; (2) the previous proceeding resulted in a final

judgment on the merits; and (3) there is an identity of issues. *State v. Gautier*, 871 A.2d 347, 358 (R.I.2005); *State v. Werner*, 865 A.2d 1049, 1055 (R.I.2005); *Foster–Glocester Regional School Committee*, 854 A.2d at 1014.

Collateral estoppel applies in this case because all three elements of the doctrine are present. First, collateral estoppel is being asserted against plaintiff, who was the defendant in the divorce action and in the derivative attorneys'-fees hearing in the Family Court. Second, final judgment was entered in the divorce proceedings after the Family Court justice issued his fee order. Finally, in issuing the fee order, the Family Court justice concluded that the fees charged by the defendants were reasonable and fair. Likewise, a factual predicate for plaintiff's claims that the defendants committed fraud and conspired to commit fraud is the reasonableness and fairness of those fees. Because these fees already have been adjudicated to be reasonable and fair in the Family Court proceeding, plaintiff cannot now relitigate the issue, and thus is unable to prove her claims. *See Gautier*, 871 A.2d at 358; *Werner*, 865 A.2d at 1055. Accordingly, the motion justice appropriately granted summary judgment with respect to the claims for fraud and conspiracy to commit fraud.

Finally, plaintiff appeals the grant of summary judgment with respect to her allegation of breach of fiduciary duties. She argues that her letters to defendants directing them to object to the fees order clearly establish that defendants breached their fiduciary duty of undivided loyalty when they failed to object to the order, allegedly to her detriment and for defendants' own financial gain.

A claim by a client against an attorney for breach of fiduciary duties is a claim for legal malpractice. 4 Ronald E. Mallen and Jeffrey M. Smith, *Legal Malpractice* § 15:2 at 644–45 (2008). As with negligence-based legal malpractice claims, expert evidence is required to establish the appropriate fiduciary duties owed by the attorneys unless such duties are a matter of common knowledge. *Id.* § 34:20 at 1170–71 ("Just as the standard of care usually is beyond common knowledge, so are the often sophisticated issues concerning confidentiality and loyalty."). Because the plaintiff was under legal guardianship when she directed the defendants to object to the Family Court justice's fees order, the defendants' fiduciary duty to follow her instructions is not apparent as a matter of common knowledge. Absent expert evidence to explain the appropriate standard of conduct owed by attorneys and guardians *ad litem* to a client under legal guardianship, the plaintiffs' claim for breach of fiduciary duties fails. The motion justice properly granted summary judgment.

For the foregoing reasons, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.

Acting Chief Justice GOLDBERG and Justice FLAHERTY did not participate.