**Supreme Court**

No. 2012-16-Appeal.
(PC 09-3843)

Allstate Insurance Company          :

            v.                      :

Jessica Ahlquist.                   :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Allstate Insurance Company      :

v.      :

Jessica Ahlquist.      :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.**   This case came before the Supreme Court on November 29, 2012, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided.  The defendant, Jessica Ahlquist (Ahlquist or defendant), appeals from a Superior Court grant of summary judgment in favor of the plaintiff, Allstate Insurance Company (Allstate or plaintiff).  The defendant argues that the trial justice erred in ruling that an insurance policy issued to Cheryl Crook (Cheryl)—the mother of the underinsured tortfeasor—did not cover the injuries she sustained when she was struck from behind by a vehicle operated by Cheryl's son, Jared Crook (Jared).  The defendant further contends that the trial justice erred in holding that an exclusion contained in the Allstate policy applied to this case.

The trial justice, having determined that defendant failed to produce evidence demonstrating a material question of fact on either issue, granted summary judgment in favor of Allstate.  After hearing the arguments of counsel and examining the memoranda filed by the

parties, we are of the opinion that cause has not been shown; we proceed to decide the appeal at this time. For the reasons set forth below, we affirm the judgment of the Superior Court.

**Facts and Travel**

On June 1, 2008, Jared was driving a 2006 Cadillac CST—which was leased for him by his father, Calvin Crook (Calvin)—when he collided with Ahlquist's vehicle at the intersection of Harris Avenue and Atwells Avenue in Providence, Rhode Island. As a result of that accident, Ahlquist's car was seriously damaged and she sustained severe personal injuries.

The Cadillac was insured by Calvin through a policy issued by Allstate. That policy had a $100,000 per person and $300,000 per occurrence liability limit. After Allstate paid the policy limits, Ahlquist sought to recover additional compensation through another Allstate insurance policy issued to Cheryl, Calvin's former wife. It is this policy that is in dispute in this case. The policy was issued for Cheryl's vehicle, a Ford Escape; Cheryl was the named insured, and she and Calvin were covered drivers. Under the policy's "Driver(s) Excluded" category, "[n]one" was listed. However, the policy also provided that a non-owned automobile would be insured if it was used by the policyholder or a resident relative with the owner's permission, but it further provided that the automobile "must not be available or furnished for the regular use of an insured person."

On July 7, 2009, Allstate filed an action seeking a declaratory judgment that Cheryl's insurance policy did not apply to the accident. Allstate moved for summary judgment, arguing that, under the unambiguous terms of the policy, Jared's operation of the Cadillac was not covered by the policy because the Cadillac was furnished for his regular use. The defendant filed a cross-motion for summary judgment, countering that Cheryl's policy covered the accident because Jared, who resided with his mother, was not excluded as a driver under the policy and

- 2 -

that, therefore, the policy provisions were ambiguous and the ambiguity should be resolved in her favor. The defendant further argued that Calvin was negligent in leasing the vehicle for Jared's use and that because Calvin was a named driver under the policy, there should be coverage. Finally, defendant asserted that the exclusion was contrary to public policy and that Allstate should not benefit because, according to defendant, Allstate's agent improperly wrote the insurance policies for Calvin and Cheryl.

The trial justice entertained argument on both motions on May 24, 2011, and issued a bench decision in which she determined that the non-owned auto exclusion under Cheryl's policy was clear and unambiguous. The trial justice stated that the following facts were undisputed: Cheryl did not own the Cadillac driven by Jared; Jared was a resident relative of Cheryl's; Jared was insured to drive the Cadillac; and the Cadillac was available to Jared and furnished for his regular use. In light of these undisputed facts, the trial justice was satisfied that the exclusion applied and that the accident in which Ahlquist was injured and the claims arising from it were not covered by Cheryl's insurance policy. The trial justice also found that the non-owned vehicle exclusion did not conflict with the declaration that there were no excluded drivers under Cheryl's policy. Finally, the trial justice held that the exclusion did not violate public policy. Accordingly, the trial justice granted summary judgment in Allstate's favor and denied defendant's motion for summary judgment. An order was entered on June 1, 2011, and final judgment was entered on August 30, 2011.

Before this Court, defendant contends that the trial justice erred in granting summary judgment because Calvin, who was a named driver under Cheryl's insurance policy, provided the Cadillac to Jared. The defendant also argues that there is ambiguity as to whether the policy

covers the accident. According to defendant, Jared was not an excluded driver because the declarations page listed "[n]one" in the section for excluded drivers.

**Standard of Review**

"[T]his Court reviews a grant of summary judgment de novo." Moore v. Rhode Island Board of Governors for Higher Education, 18 A.3d 541, 544 (R.I. 2011) (citing Waterman v. Caprio, 983 A.2d 841, 844 (R.I. 2009)). We view the evidence in the light most favorable to the nonmoving party; and, "if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law[,]" we will affirm the judgment. Berman v. Sitrin, 991 A.2d 1038, 1043 (R.I. 2010) (quoting Ouch v. Khea, 963 A.2d 630, 632 (R.I. 2009)). Here, however, the material facts of this case are undisputed, and the issue before us is one of contract interpretation. This Court employs a de novo review of such questions of law. See Irene Realty Corp. v. Travelers Property Casualty Co. of America, 973 A.2d 1118, 1122 (R.I. 2009) ("[A] trial court's ruling as to [the alleged existence of ambiguity in a contract] is reviewed by this Court on a de novo basis.").

**Discussion**

It is well settled that, when examining an insurance policy, this Court applies the rules for construction of contracts. New London County Mutual Insurance Co. v. Fontaine, 45 A.3d 551, 557 (R.I. 2012). "[W]e shall not depart from the literal language of the policy absent a finding that the policy is ambiguous." Beacon Mutual Insurance Co. v. Spino Brothers, Inc., 11 A.3d 645, 649 (R.I. 2011) (quoting Lynch v. Spirit Rent-A-Car, Inc., 965 A.2d 417, 425 (R.I. 2009)). Indeed, "[t]his Court interprets the terms of an insurance policy according to the same rules of construction governing contracts." Town of Cumberland v. Rhode Island Interlocal Risk Management Trust, Inc., 860 A.2d 1210, 1215 (R.I. 2004) (citing Pawtucket Mutual Insurance

Co. v. Gay, 786 A.2d 383, 386 (R.I. 2001)); see also Textron, Inc. v. Aetna Casualty & Surety Co., 638 A.2d 537, 539 (R.I. 1994). We confine our analysis to the four corners of the policy, viewing it "in its entirety, affording its terms their 'plain, ordinary and usual meaning.'" Casco Indemnity Co. v. Gonsalves, 839 A.2d 546, 548 (R.I. 2004) (quoting American Commerce Insurance Co. v. Porto, 811 A.2d 1185, 1192 (R.I. 2002)).

Furthermore, "[w]e refrain from engaging in mental gymnastics or from stretching the imagination to read ambiguity into a policy where none is present." Beacon Mutual Insurance Co., 11 A.3d at 649 (quoting Lynch, 965 A.2d at 425). "The test to be applied is not what the insurer intended * * *, but what the ordinary reader and purchaser would have understood [the language] to mean." Pressman v. Aetna Casualty and Surety Co., 574 A.2d 757, 760 (R.I. 1990) (quoting Elliott Leases Cars, Inc. v. Quigley, 118 R.I. 321, 326, 373 A.2d 810, 812 (1977)).

The defendant argues that Jared was not an excluded driver under Cheryl's policy and that that circumstance, combined with the policy's provision extending coverage to members of Cheryl's household, gives rise to an ambiguity in the policy provisions. Therefore, according to defendant, the exclusionary language cannot apply to relieve plaintiff of its obligations under Cheryl's policy.

The undisputed operative facts are these: Jared lived with his mother at the time of the accident; he was operating a vehicle that was not owned by Jared but had been furnished to him for his regular use; and the Cadillac was not a covered vehicle under Cheryl's policy. Thus, the only question before us is one of contract interpretation—a question of law. Our de novo review of that issue confirms that the clear and unambiguous vehicle-exclusion provision under the policy clearly applies to these facts. The exclusion in the policy relates to the vehicle and not the driver.

The terms of Cheryl's policy provide that a non-owned automobile will be covered if it was used by the policyholder or a resident relative with the owner's permission, but it also provides that the automobile "must not be available or furnished for the regular use of an insured person." Jared's use of the Cadillac clearly falls within this exclusion: as a "resident-relative," Jared is considered an insured person per the definition under the policy; however, he used the vehicle on a regular basis. Thus, the policy language excluding vehicles furnished for the regular use of an insured person applies in this case. This exclusion does not, as defendant contends, conflict with the declarations page of the policy, which declares that there are no specific drivers excluded under the policy. In this case, it is the vehicle that is excluded, not the driver. Because we discern no ambiguity in these provisions, "we shall not depart from the literal language of the policy" and decline to "engag[e] in mental gymnastics * * * to read ambiguity into [this] policy where none is present." Beacon Mutual Insurance Co., 11 A.3d at 649 (quoting Lynch, 965 A.2d at 425).

Having examined the policy in its entirety, and applying the plain and ordinary meaning of the policy language, it is our conclusion that the exclusion provision is not ambiguous. We are satisfied that defendant's construction of the policy perceives an ambiguity in the provision where none exists.

Finally, the defendant argues that, because both policies were issued by Allstate, Allstate had actual knowledge of "all issues" pertaining to coverage. In effect, comparing the two policies, the defendant asks this Court to impute an improper intention by Allstate to exploit the facts and create a gap in coverage. Having examined the record before us, we reject this contention.

**Conclusion**

For the foregoing reasons, the judgment of the Superior Court is affirmed. The record shall be remanded to the Superior Court.



**TITLE OF CASE:**       Allstate Insurance Company v. Jessica Ahlquist.

**CASE NO:**       No. 2012-16-Appeal.
                   (PC 09-3843)

**COURT:**       Supreme Court

**DATE OPINION FILED:**   January 25, 2013

**JUSTICES:**       Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ.

**WRITTEN BY:**       Associate Justice Maureen McKenna Goldberg

**SOURCE OF APPEAL:**   Providence County Superior Court

**JUDGE FROM LOWER COURT**:

          Associate Justice Sarah Taft-Carter

**ATTORNEYS ON APPEAL:**

          For Plaintiff:  Carol A. Zangari, Esq.

          For Defendant:  Michael T. Brady, Esq.