**Supreme Court**

No. 2015-55-Appeal.
(PC12-1947)

Artecia Behroozi          :

          v.               :

Allen Kirshenbaum.        :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Artecia Behroozi             :

            v.                  :

Allen Kirshenbaum.        :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Indeglia, for the Court.**  The plaintiff, Artecia Behroozi (plaintiff or Behroozi), a pro se litigant, appeals from the Superior Court's entry of summary judgment in favor of the defendant, attorney Allen Kirshenbaum (defendant or Kirshenbaum), on various claims related to his representation of her in Family Court.  This matter came before the Supreme Court on December 10, 2015, pursuant to an order directing the parties to appear and show cause why the issues raised should not be summarily decided.  After hearing the arguments of counsel and reviewing the memoranda submitted on behalf of the parties, we are satisfied that cause has not been shown.  Accordingly, we shall decide the matter at this time without further briefing or argument.  For the reasons set forth herein, we affirm the judgment of the Superior Court.

## I

### Facts and Travel

Beginning in November 2007, Kirshenbaum represented Behroozi in post-final judgment divorce proceedings to recover arrearages in alimony payments owed to Behroozi by her ex-

husband.[1]  In June 2009, Kirshenbaum withdrew as counsel with the Family Court's approval.[2] On April 13, 2012, Behroozi filed a complaint in Providence County Superior Court against Kirshenbaum, which she later amended, setting forth claims for legal malpractice, negligence, fraud, and breach of fiduciary duty.

After much back and forth between the parties and copious orders in the trial court,[3] on May 15, 2014, Kirshenbaum filed a motion for summary judgment as to Behroozi's claims.  He argued that, based on Behroozi's representation to the court that she did not intend to engage an expert witness to testify with regard to her malpractice claims, she was unable as a matter of law to establish the applicable standard of care and a breach thereof, as is required to support a legal malpractice claim.  He further argued that Behroozi's malpractice claims were barred by the three-year statute of limitations.  Kirshenbaum also argued that Behroozi's fraud and misrepresentation claims must fail because the allegedly fraudulent statements were made to the Family Court and not to Behroozi herself.

On June 16, 2014, the hearing justice heard the parties on Kirshenbaum's motion for summary judgment.  As to Behroozi's malpractice claims, the hearing justice noted that this Court has required the need for a legal expert to establish the standard of care applicable to a lawyer and a breach of that standard.  Given that Behroozi indicated that she had no intention of calling an expert witness, the hearing justice granted Kirshenbaum's motion for summary judgment pertaining to Behroozi's claims for malpractice and breach of fiduciary duty.  Even

---

[1] Behroozi retained Kirshenbaum through a volunteer lawyer program.
[2] The Family Court heard Kirshenbaum on his motion to withdraw on June 4, 2009.  An order reflecting the same was dated June 9, 2009; but, significantly, the order was not signed by the Family Court judge until June 23, 2009.
[3] The Superior Court docket sheet for this case from its inception in April 2012 to its certification to this Court in January 2015 is seventeen pages long and contains entries for more than six dozen different orders.

further, the hearing justice went on to find that these claims were also barred by the statute of limitations, and that Behroozi had not demonstrated that the discovery rule should toll the limitations period because she was aware of and even complained about Kirshenbaum's alleged wrongdoings during the course of his representation. The hearing justice also granted Kirshenbaum's motion for summary judgment on Behroozi's fraud claim, finding both that the claim was barred by the statute of limitations and that the statements Behroozi was relying on as the bases for her claim were not sufficient to establish fraud because they were made to the Family Court and not to her directly.

Final judgment was entered in favor of Kirshenbaum on June 24, 2014. Behroozi timely filed a notice of appeal on July 1, 2014.

## II

### Standard of Review

"[T]his Court reviews a grant of summary judgment de novo." Carlson v. Town of South Kingstown, 111 A.3d 819, 822 (R.I. 2015) (quoting Allstate Insurance Co. v. Ahlquist, 59 A.3d 95, 97 (R.I. 2013)). "Our function is to review 'the evidence in a light most favorable to the nonmoving party, and we will affirm the judgment if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.'" Id. (quoting Berman v. Sitrin, 991 A.2d 1038, 1043 (R.I. 2010)). "We have long recognized that '[s]ummary judgment is a drastic remedy, and * * * should be dealt with cautiously.'" Laplante v. Rhode Island Hospital, 110 A.3d 261, 264 (R.I. 2015) (quoting Beauregard v. Gouin, 66 A.3d 489, 493 (R.I. 2013)). "On the other hand, this Court has also clearly stated that 'we will not hesitate to affirm a grant of summary judgment if the nonmoving party fails to make a showing

sufficient to establish the existence of an element <u>essential</u> to that party's case * * *.'" <u>Id.</u> (quoting <u>Beauregard</u>, 66 A.3d at 493).

## III

### Analysis

From what we can discern from Behroozi's written submissions and oral argument, she raises three issues on appeal. First, Behroozi argues that the Superior Court erred in granting summary judgment in favor of Kirshenbaum because the discovery rule and/or the doctrine of continuing representation tolls the statute of limitations in this scenario and because expert testimony was not necessary to support her claim for legal malpractice. Second, Behroozi claims that venue was improperly transferred from Providence County to Washington County when the case was assigned to a single hearing justice following Kirshenbaum's motion for a protective order. Last, Behroozi claims that the hearing justice erred by ordering her to submit her medical records in response to Kirshenbaum's discovery request.[4]

#### a. Behroozi's Legal Malpractice and Fraud Claims

#### i. Statute of Limitations

General Laws 1956 § 9-1-14.3 sets forth a three-year statute of limitations for legal malpractice claims.[5] <u>See Sharkey v. Prescott</u>, 19 A.3d 62, 66 (R.I. 2011). Behroozi retained Kirshenbaum sometime in November 2007, and he represented her until he withdrew in June 2009. However, Behroozi did not file her complaint until April 13, 2012. Therefore, any claims based on Kirshenbaum's representation prior to April 13, 2009, are barred by the three-year

---

[4] Behroozi also asks that we impose monetary sanctions on two Superior Court justices involved in this case and on Kirshenbaum's attorneys.

[5] General Laws 1956 § 9-1-14.3 provides, in pertinent part, that "an action for legal malpractice shall be commenced within three (3) years of the occurrence of the incident which gave rise to the action * * *."

statute of limitations. The only viable timeframe within which Behroozi can base any of her malpractice claims is from April 13, 2009, through June 23, 2009, when the order entered allowing Kirshenbaum to withdraw as counsel. A review of the record shows that the only action taken during that period of time revolved around Kirshenbaum's withdrawal as counsel.

Furthermore, in this context, Behroozi's claim for fraud—which centers on alleged misrepresentations Kirshenbaum made to the Family Court, particularly with regard to her ex-husband's income and the amount of alimony owed to her—is also subject to the three-year statute of limitations for a malpractice action because the fraud she alleges arises from her professional relationship with Kirshenbaum. See Martin v. Howard, 784 A.2d 291, 302 (R.I. 2001) (noting that the plaintiff's fraud claim arose out of her personal injury claim, and thus was subject to the three-year statute of limitations for personal injury actions versus the ten-year statute of limitations for fraud). Thus, her fraud claim is barred by the statute of limitations as well.[6]

Behroozi posits that she "did not appreciate that she had an [sic] legal malpractice claim against the defendant at the time of the occurrences" and seemingly attempts to invoke the

---

[6] We note that Behroozi's fraud claim, standing alone, also fails in two much more rudimentary respects. First, she did not rely on any of the allegedly fraudulent statements made by Kirshenbaum to the Family Court; to the contrary, she continually challenged Kirshenbaum on those issues. Because Behroozi cannot show she relied on the purportedly fraudulent statements, she cannot establish a prima facie fraud claim. See Parker v. Byrne, 996 A.2d 627, 634 (R.I. 2010) ("To establish a prima facie fraud claim, 'the plaintiff must prove that the defendant made a false representation intending thereby to induce [the] plaintiff to rely thereon and that the plaintiff justifiably relied thereon to his or her damage.'" (quoting Bitting v. Gray, 897 A.2d 25, 34 (R.I. 2006))). Moreover, Behroozi has failed to produce any evidence—beyond mere allegations—to substantiate her claim that Kirshenbaum made any fraudulent misrepresentations to the Family Court. "[A] party 'opposing a motion for summary judgment has the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations * * * in the pleadings, mere conclusions, or mere legal opinions.'" Toegemann v. City of Providence, 21 A.3d 384, 386 (R.I. 2011) (quoting Poulin v. Custom Craft, Inc., 996 A.2d 654, 658 (R.I. 2010)).

discovery-rule exception to the statute of limitations. "The discovery-rule exception serves 'to protect individuals suffering from latent or undiscoverable injuries who then seek legal redress after the statute of limitations has expired for a particular claim.'" Sharkey, 19 A.3d at 66 (quoting Canavan v. Lovett, Schefrin and Harnett, 862 A.2d 778, 783 (R.I. 2004)). "The standard applied to this exception is objective: [I]t 'requires only that the plaintiff be aware of facts that would place a reasonable person on notice that a potential claim exists.'" Id. (quoting Canavan, 862 A.2d at 784). As the trial justice pointed out, Behroozi continuously questioned Kirshenbaum about the adequacy of his representation, particularly with regard to Kirshenbaum's accounting of her ex-husband's income for purposes of calculating how much alimony was owed to her. Behroozi was clearly "aware of facts" that would lead her to believe she had a potential malpractice claim, and the trial justice did not err in concluding that the discovery rule did not toll the statute of limitations in this scenario.

For the first time on appeal, Behroozi also argues that the doctrine of continuing representation tolls the statute of limitations on her malpractice claims. "[I]n jurisdictions where [the continuing representation doctrine] applies, that doctrine, which 'recognizes that a person seeking professional assistance has a right to repose confidence in the professional's ability and good faith,' * * * 'tolls the statute of limitations while the defendant attorney [in a malpractice case] continues to represent the plaintiff.'" Mendes v. Factor, 41 A.3d 994, 1005 (R.I. 2012) (quoting Feddersen v. Garvey, 427 F.3d 108, 114 (1st Cir. 2005)). We need not delve into whether the continuing representation doctrine applies in this scenario because this Court has not adopted it. See id. Furthermore, because Behroozi never presented this particular argument to the hearing justice, in accordance with our well-settled raise-or-waive rule, her argument as to

this point is deemed to be waived.  See, e.g., Warwick Housing Authority v. McLeod, 913 A.2d 1033, 1037 (R.I. 2007).

### ii.     Need for Expert Testimony

More significantly, Behroozi's malpractice claims necessarily fail because she has not retained an expert witness to testify in support of her case.  On many occasions we have stated that "in a legal malpractice action, a plaintiff opposing a motion for summary judgment generally must present expert evidence, in the form of an affidavit or otherwise, establishing the standard of care."  Ahmed v. Pannone, 779 A.2d 630, 633 (R.I. 2001).  It is undisputed that Behroozi has not produced any expert testimony to establish the standard of care purportedly applicable to Kirshenbaum's representation; indeed, it is her contention that she need not provide any expert testimony because the "conduct and misrepresentations to [Behroozi] are so obvious * * * [that n]o specialized knowledge is needed for the trier of fact to understand the evidence or determine a fact at issue."  We disagree.  Behroozi is correct in that there is an exception to the general rule requiring expert testimony to establish the standard of care "when the malpractice 'is so obvious that the trier of fact can resolve the issue as a matter of common knowledge.'"  Id.  at 633 n.1 (quoting Focus Investment Associates, Inc. v. American Title Insurance Co., 992 F.2d 1231, 1239 (1st Cir. 1993)).  However, this is not such a scenario.  We have previously recognized that family law is a complicated facet of the law and that expert testimony is required to establish the standard of care in a legal malpractice claim in the family law context.  See Cronan v. Iwon, 972 A.2d 172, 174 (R.I. 2009) (mem.).  As such, summary judgment on Behroozi's malpractice claims was also appropriate because she has not retained, and has unequivocally stated that she does not intend to retain, an expert witness to testify as to the applicable standard of care and any breach thereof.

### b. Behroozi's Remaining Claims on Appeal

We need not tarry over Behroozi's remaining claims on appeal. Suffice it to say, they are wholly without merit. First, venue was never transferred in this matter—the pretrial matters simply followed the hearing justice to whom the case had been assigned when she moved from Providence County to Washington County as part of her regular rotation. In addition, given that the hearing justice ultimately granted Behroozi's motion for a protective order, Kirshenbaum never actually reviewed any of her medical records, rendering her claim as to the discovery order requiring her to produce them moot. See United Service and Allied Workers of Rhode Island v. Rhode Island State Labor Relations Board, 969 A.2d 42, 44 (R.I. 2009) ("[I]f 'this Court's judgment would fail to have a practical effect on the existing controversy,' the question has become moot." (quoting City of Cranston v. Rhode Island Laborers' District Council, Local 1033, 960 A.2d 529, 533 (R.I. 2008))).

## IV

## Conclusion

For the reasons set forth above, we affirm the judgment of the Superior Court. The papers in this case may be returned to that tribunal.



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**    Artecia Behroozi v. Allen Kirshenbaum.

**CASE NO:**    No. 2015-55-Appeal.
(PC 12-1947)

**COURT:**    Supreme Court

**DATE OPINION FILED:**    January 12, 2016

**JUSTICES:**    Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**    Associate Justice Gilbert V. Indeglia

**SOURCE OF APPEAL:**    Providence County Superior Court

**JUDGE FROM LOWER COURT**:

    Associate Justice Kristin E. Rodgers

**ATTORNEYS ON APPEAL:**

    For Plaintiff:   Artecia Behroozi, Pro Se

    For Defendant:  Kristina I. Hultman, Esq.
                        Peter E. Garvey, Esq.