WILLIAM E. LOUTITT *vs.* ALANSON ALEXANDER *et al.*

MAY 4, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Statute of Adverse Possession.*

Where the period required by the statute in order to obtain title by adverse possession had expired prior to the service of the statutory notice under Gen. Laws, 1909, cap. 256, § 6, such notice is of no importance in determining the question of adverse possession.

(2) *Public User. Adverse Possession.*

Where the matter of public user was not raised by the pleadings, in a bill in equity, the respondent resting solely upon his claim of a right of way, evidence to show a dedication to and acceptance by the public was inadmissible.

BILL IN EQUITY to remove cloud on title. Heard on appeal of respondents and decree of Superior Court with a certain modification, affirmed.

VINCENT, J. This is a suit in equity brought to remove a cloud upon the title of the complainant to certain real estate situated on Pawtuxet Neck in the city of Cranston.

The estate in question comprises a piece of land formerly used as a wharf and now a part of the complainant's lawn and garden, together with a strip of land about twenty-five feet in width bounded on the east by the wharf land, on the south by a platted way, on the west by Sea View avenue, and on the north by the remaining portion of the complainant's land.

The bill of complaint alleges that the complainant is, and for a long time has been, the owner in fee of lots one, two, and three on a plat known as the Benjamin Bogman plat, more particularly described as a "Plan of South end of Long Neck belonging to Benjamin Bogman, John Howe, C. E. July 15, 1873," which said plat was recorded on July 31, 1873 in P. B. 2B. p. 81 and also on Plat Card No. 60.

The twenty-five foot-strip comprises approximately the southerly half of the lots one, two, and three as delineated on said plat. The wharf property, so-called, is situated to the east of said lots and is shown as an open space on said plat.

The bill of complaint also alleges that the respondent Alanson Alexander is, and for a long time has been, the owner of lot thirty-one on said plat on the westerly side of Sea View avenue and somewhat to the south of the land of the complainant.

Annie S. Alexander, the wife of the respondent Alanson Alexander, having an inchoate right of dower in the lot of her husband was made a party respondent. She is now deceased.

The answer of the respondent Alanson Alexander does not allege that either the wharf or the strip of land was a

public way or that the public had any rights therein. The respondent simply claims right of way in himself as appurtenant to his own land on the same plat. This right he asserted on May 12, 1919, by giving to the complainant a notice in writing under Section 6, of Chapter 256, Gen. Laws of Rhode Island, 1909, and causing such notice to be recorded in the office of the City Clerk of Cranston.

(1) It appears from the evidence that all of the land in question now claimed by the respondent as being subject to his right of way had been for many years fenced in by the complainant and his predecessors in title as a part of the adjacent land. In fact the period required by the statute in order to obtain title by adverse possession had commenced to run subsequent to the time of the fencing and had expired some years prior to the service of the statutory notice, above referred to, on May 12, 1919, and therefore such notice is without importance in determining the question of adverse possession.

After a hearing in the Superior Court a decree was entered in which it is recited that the complainant is the owner and is lawfully possessed in his own right, free and clear of all incumbrances, of the parcels of land described in his bill of complaint; and that the respondent Alanson Alexander has no right, title or easement in, to or over either of said parcels of land or any part thereof as appurtenant to lot number thirty-one on said plat or otherwise.

The respondent also claimed in the court below that the parcels of land involved in the present controversy had become subject to a public easement by dedication and therefore the complainant is not entitled to have removed the alleged cloud upon his title.

The complainant objected to the introduction of testimony bearing upon the matter of a public easement as that question was not raised by the pleadings in the case. The Superior Court however admitted testimony *de bene* tending to show public user of the land in dispute, considered such (2) testimony and further decreed that there has been no

acceptance by public user of any offer to dedicate either of said parcels or any portion thereof to public use, and that such offer, if any such existed, has been withdrawn so that said parcels of land are not now subject to any public right of way or use.

We think that inasmuch as the matter of public user is not mentioned in the pleadings the respondent, resting solely upon his claim of a right of way over the land in question, was not entitled to introduce testimony to show a dedication to and acceptance by the public. Such being our view a discussion of the questions of dedication and acceptance would be uncalled for although we may observe in passing that it does not appear to us that the testimony would have been sufficient to establish public user had its admission been warranted.

The recorded notice of the respondent is a cloud upon the complainant's title which would be likely to seriously interfere with his rightful enjoyment of his estate and the same should be removed. We think that the Superior Court was correct in holding that any rights which the respondent Alexander may have had as appurtenant to the land in question, solely by reason of being a lot owner on the plat, were long since extinguished by adverse possession.

The decree of the Superior Court should be modified by the elimination of the third paragraph thereof relating to public user. In all other respects the said decree of the Superior Court is affirmed.

The parties may present to this court a form of decree in accordance with this opinion.

*Gardner, Moss & Haslam, Pirce & Sherwood,* for complainant.

*Morgan & Morgan,* for respondent.