John F. CORRIGAN et al.

v.

Kenneth NANIAN et al.

No. 2007–182–Appeal.

Supreme Court of Rhode Island.

June 9, 2008.

John Corrigan, Plaintiff Pro Se.

Stephen Rodio, For Defendants.

## ORDER

The plaintiffs appeal from the entry of judgment in favor of the defendants in an action whereby the plaintiffs sought to quiet title to a portion of real estate located in East Greenwich in reliance upon the doctrine of adverse possession or, alternatively, that of acquiescence. In their appeal to this Court, the plaintiffs contend that the trial justice, who sat without a jury, erroneously interpreted the factual evidence when he concluded that the plaintiffs had failed to demonstrate either: (1) that they had taken title by adverse possession; or (2) that they had acquired title as a result of the defendants' acquiescence.

Pursuant to G.L. 1956 § 34–7–1, a person may acquire title to real property by adverse possession by satisfying a number of requirements. According to that statute, adverse possession occurs:

"[w]here any person or persons, or others from whom he, she, or they derive their title, either by themselves, tenants or lessees, shall have been for the space of ten (10) years in the uninterrupted, quiet, peaceful and actual seisin and possession of any lands, tenements or hereditaments for and during that time, claiming the same as his, her or their proper, sole and rightful estate in fee simple * * *."

The statute provides that when a person fulfills those requirements, "the actual seisin and possession shall be allowed to give and make a good and rightful title to the person or persons, their heirs and assigns forever * * *." *Id.* The party who asserts that adverse possession has occurred must establish the required elements by strict proof, that is, proof by clear and convincing evidence. *Tavares v. Beck,* 814 A.2d 346, 350 (R.I.2003) (internal quotation marks omitted).

Even though we do not have the benefit of a full record for us to review, we have scrutinized the findings of the trial justice and we do not hesitate to agree with him that plaintiffs have failed to demonstrate by clear and convincing evidence that their use of defendants' property was "actual, open, notorious, hostile, under claim of right, continuous, and exclusive for at least ten years." *Acampora v. Pearson,* 899 A.2d 459, 466 (R.I.2006) (internal quotation marks omitted).

In a lengthy and well-reasoned decision, the trial justice reviewed the evidence and testimony that had come before him, made credibility determinations, and concluded that plaintiffs had failed to show by clear and convincing evidence that they had fulfilled the requirements for taking title by adverse possession or by acquiescence. With respect to the adverse possession claim, the trial justice concluded:

"If the plaintiffs cannot recognize their own property that they allegedly possessed exclusively and under claim of ownership, for under ten years or greater, as well as all the other factors that The Court has pointed out, the plaintiffs have not sustained their burden by clear and convincing evidence that they adversely possessed this property in the so-called disputed area."

He further observed that plaintiffs had presented "little, if any, evidence" with

respect to their claim that they were entitled to ownership of the disputed property pursuant to a theory of acquiescence. Accordingly, he also ruled that plaintiffs had failed to sustain their burden of proof in their acquiescence claim against defendants.

The applicable standard of review with respect to "the findings of a trial justice sitting without a jury is quite deferential." *In re Dissolution of Anderson, Zangari & Bossian*, 888 A.2d 973, 975 (R.I.2006); *see Pucino v. Uttley*, 785 A.2d 183, 187 (R.I. 2001) (explaining that this Court reviews trial court findings on the issue of acquiescence with "the deference accorded to determinations involving mixed questions of law and fact"); *see also Burke–Tarr Co. v. Ferland Corp.*, 724 A.2d 1014, 1018 (R.I. 1999) (noting that "[t]he findings of fact by a trial justice sitting without a jury are entitled to great weight and shall not be disturbed on appeal unless the record shows that the findings are clearly wrong or unless the trial justice overlooked or misconceived material evidence * * *").

We perceive no clear error in the trial justice's conclusion that the plaintiffs failed to meet the required burden of proof with respect to both their adverse possession claim and also their acquiescence claim. The plaintiffs' appeal is therefore denied and dismissed.