**Supreme Court**

No. 2012-171-Appeal.
(PC 05-514)

Michaela Symonds, by and through     :
her mother and natural guardian,     :
Rhonda Symonds     :

v.     :

City of Pawtucket et al.     :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Michaela Symonds, by and through    :
her mother and natural guardian,    :
Rhonda Symonds    :

v.    :

City of Pawtucket et al.    :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Indeglia, for the Court.** In this personal injury action, the plaintiff, Michaela Symonds (Symonds or plaintiff), appeals from an order granting summary judgment entered against her and in favor of the City of Pawtucket (city). Symonds contends that she sustained injuries when she received a splinter while playing on a wooden jungle gym at a park in the city. On September 29, 2015, this case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda submitted on behalf of the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time without further briefing or argument. For the reasons set forth herein, we affirm the judgment of the Superior Court.

**I**

**Facts and Travel**

On March 23, 2003, plaintiff, who was a minor at the time, was playing on a wooden jungle gym at Slater Memorial Park in Pawtucket, Rhode Island, when a sliver of the jungle gym

broke off and pierced her skin. The plaintiff contends that her injuries were caused by the poor condition of the jungle gym, which "had deteriorated to the point where the wood was frayed, split and slivered."

The plaintiff's mother, Rhonda Symonds (Rhonda), contacted the city's Parks and Recreation Department (the department) and advised an employee of the plaintiff's injury. According to Rhonda, the employee informed her that the department was unaware that it was responsible for maintaining the jungle gym or other objects in the playground area. Approximately twelve to sixteen months after Rhonda contacted the department, the wooden jungle gym was replaced with a jungle gym consisting of non-wood material.

On February 2, 2005, plaintiff, by and through her mother and natural guardian, Rhonda Symonds, filed a complaint sounding in negligence against the city and Ronald L. Wunschel, in his capacity as Treasurer and/or Finance Director of the city (collectively defendants). Some years later,[1] on July 19, 2010, defendants moved to amend their answer to include an affirmative defense of immunity under G.L. 1956 chapter 6 of title 32, the Recreational Use Statute (RUS).[2]

On June 10, 2011, defendants filed a motion for summary judgment, arguing that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law on the grounds that it was immune from suit because the playground had been opened to the public for recreational purposes and it did not act in a willful or malicious manner in failing to guard or

---

[1] For reasons not made apparent by the record, the case was dormant for several years.
[2] The Recreational Use Statute, G.L. 1956 § 32-6-3, provides:
"Except as specifically recognized by or provided in § 32-6-5, an owner of land who either directly or indirectly invites or permits without charge any person to use that property for recreational purposes does not thereby:
"(1) Extend any assurance that the premises are safe for any purpose;
"(2) Confer upon that person the legal status of an invitee or licensee to whom a duty of care is owed; nor
"(3) Assume responsibility for or incur liability for any injury to any person or property caused by an act of omission of that person."

warn against any dangerous condition. The defendants reasoned that its lack of notice of any dangerous condition precluded a finding of willfulness. The plaintiff opposed the summary judgment motion, arguing that defendants' actions were willful, thus mandating an exception to the RUS.[3]

On October 11, 2011, the hearing justice determined that the city was qualified as a landowner that can be entitled to immunity under the RUS and that plaintiff "ha[d] produced no evidence to suggest that the wooden jungle gym was damaged, deteriorated or dangerous, and * * * [no] evidence to show any wanton or malicious conduct." Accordingly, the hearing justice granted defendants' motion for summary judgment. The plaintiff appealed to this Court.

## II

### Standard of Review

This Court reviews the grant of a motion for summary judgment de novo, "apply[ing] the same standards and rules as did the motion justice." Narragansett Indian Tribe v. State, 81 A.3d 1106, 1109 (R.I. 2014) (quoting Beauregard v. Gouin, 66 A.3d 489, 493 (R.I. 2013)). "We view the evidence in the light most favorable to the nonmoving party." Id. "Summary judgment is appropriate when no genuine issue of material fact is evident from 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any,' and the motion justice finds that the moving party is entitled to prevail as a matter of law." Swain v. Estate of Tyre ex rel. Reilly, 57 A.3d 283, 288 (R.I. 2012) (quoting Beacon Mutual Insurance Co. v. Spino Brothers, Inc., 11 A.3d 645, 648 (R.I. 2011)).

## III

---

[3] On July 28, 2011, in response to defendants' motion for summary judgment, plaintiff moved to amend her complaint, adding that defendants "negligently and/or willfully and/or maliciously failed to guard and/or warn and/or inspect, repair and/or maintain the premises free from defect and/or dangerous condition, use, structure, or activity after discovering the user's peril * * *."

**Discussion**

Since the promulgation of the RUS by the General Assembly in 1978, this Court has had several occasions to interpret its provisions. We have recognized that its purpose is to "encourage private landowners to make their land free and open to the public for recreational purposes." Berman v. Sitrin, 991 A.2d 1038, 1043 (R.I. 2010) (Berman I)[4]; see § 32-6-1. To accomplish this purpose, the RUS modifies the common law by treating users of public and private recreational properties as trespassers, thus greatly reducing the duty of care that owners owe to recreational users. See Smiler v. Napolitano, 911 A.2d 1035, 1038-39 (R.I. 2006). We have also noted that "it is clear from the unambiguous language of the 1996 amendment that the [L]egislature intended to include the state and municipalities among owners entitled to immunity under the statute." Pereira v. Fitzgerald, 21 A.3d 369, 373 (R.I. 2011) (quoting Hanley v. State, 837 A.2d 707, 712 (R.I. 2003)).

However, we also have recognized that this immunity is not absolute. See Hanley, 837 A.2d at 713. Specifically, in an exception to the RUS, § 32-6-5(a)(1), the Legislature established that the RUS does not "limit[] in any way any liability * * * [f]or the willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity after discovering the user's peril[.]" Accordingly, given the "trespasser" status produced by the RUS, landowners who open their land to the public for recreational use owe no duty to users of the property other than to refrain from willful or wanton conduct after a user of the property is discovered in peril. Berman I, 991 A.2d at 1043-44.

---

[4] We shall refer to Berman v. Sitrin, 991 A.2d 1038 (R.I. 2010), as "Berman I" to distinguish it from a more recent appeal stemming from the same facts, Berman v. Sitrin, 101 A.3d 1251 (R.I. 2014) (Berman II).

- 4 -

On appeal, the plaintiff contends that the hearing justice erred in holding that no genuine issues of material fact existed and that defendants were entitled to a judgment as a matter of law. She insists that there is a genuine issue of material fact as to whether allowing the jungle gym to deteriorate to a "deplorable" state rises to the level of willfulness required by § 32-6-5(a)(1), thus placing her claim within the exception to the RUS.[5] To support her argument, plaintiff asserts that the notice accorded to the city in the case at hand is similar to the notice accorded to the City of Newport in Berman I.

In Berman I, 991 A.2d at 1042, the plaintiff was injured while visiting the Newport Cliff Walk when the ground beneath him gave way, rendering him quadriplegic. There, a majority of this Court held that the City of Newport had notice of the defective and dangerous condition of the Cliff Walk, as there had been several death-resulting falls caused by the ground giving way in the past. Id. at 1049-50. This Court concluded that a factfinder could determine that the City of Newport acted willfully by "voluntarily and intentionally fail[ing] to guard against the dangerous condition, knowing that there existed a strong likelihood that a visitor to the Cliff Walk would suffer serious injury or death." Id. at 1052. Accordingly, because a jury could determine that the City of Newport acted with willful or malicious disregard of actual or constructive knowledge of the dangerous condition of the Cliff Walk, the exception to the RUS could be applicable. See id. at 1053.

In the case at bar, plaintiff has not set forth any evidence to show that the city had knowledge of the dangerous condition of the jungle gym. The plaintiff contends that the city had notice of the dangerous condition of the jungle gym, citing:

---

[5] In her brief, plaintiff also posits that the jungle gym presented an attractive nuisance and that the RUS should not apply in such a context. During oral argument, however, plaintiff conceded that this argument was waived, as it was not properly presented in Superior Court.

"[T]he wooden material which the City allowed to compose[6] the bars, the condition of the bars (missing bars and splintered wood), the fact that the City acknowledged that it did not even believe it had a duty to maintain the gym, the subsequent removal of the gym and the very fact that the gym was for children like [the plaintiff] who were expected (and in fact attracted to such object) to use such facility * * * ."

The plaintiff claims that these circumstances provided notice to the city of the dangerous condition similar to that in Berman I, such that the city had knowledge of a strong likelihood that a user of the jungle gym would suffer injury.

However, plaintiff's contention is misplaced. In Berman I, 991 A.2d at 1051, we "emphasize[d] that we [were] not confronted with a single injury in a given location," but instead, we were confronted with "multiple incidents of death and grievous injury * * *." Unlike in Berman I, plaintiff's injury on the wooden jungle gym was the first notice of any injury of this kind, and none of the evidence pointed to by plaintiff suggests that the city had actual knowledge of a dangerous condition prior to her injury. The presence of a dangerous condition alone is not enough to fall within the exception to the RUS. Compare Cain v. Johnson, 755 A.2d 156, 162-64 (R.I. 2000) (holding that the City of Newport was immune under the RUS because it did not discover the plaintiff in a position of peril where it had no notice of a dangerous condition), with Berman I, 991 A.2d at 1051-53 (holding that the City of Newport was not protected by the RUS where it had notice of a dangerous condition based on prior reported incidents of death and serious injury). Instead, to constitute willfulness within the meaning of § 32-6-5(a)(1), the landowner must have knowledge of the danger and then fail to guard against it, to the extent that

---

[6] Notably, the jungle gym at issue in this case was the result of a donation. It is unclear from the record whether the city chose the material of which the jungle gym was made.

additional injuries continue to occur.  See Berman I, 991 A.2d at 1051-52.  Unlike Berman I, this is not a case where several similar injuries had occurred prior to plaintiff's injury, thus allowing knowledge of a dangerous condition to be imputed to the landowner.  See id. at 1051 ("It is because of the multiple incidents of death and grievous injury that we conclude that the city may not successfully defend this claim based on an assertion that it had no specific knowledge of [the plaintiff] or any peril confronting him.").  Rather, this is a case where defendants were notified of the dangerous condition for the first time upon plaintiff's reporting of the injury, rendering the exception to the RUS inapplicable.  See, e.g., Carlson v. South Kingstown, 111 A.3d 819, 824-25 (R.I. 2015) (holding that the exception to the RUS was inapplicable where the plaintiff broke her leg when stepping into a divot in a park because the town had no knowledge of the existence of the particular hole that injured the plaintiff or of similar persons injured by similar defects in the park).

The record before us lacks any suggestion that defendants had any knowledge of the dangerous condition at the time of the injury.  The wooden material of which the jungle gym was composed, even if such material was of inferior quality, is insufficient to provide the city with knowledge of a dangerous condition.  Similarly, while plaintiff points to the defective condition of the wooden bars as a form of notice to the city, she does not provide any evidence that such condition was reported to the city prior to her injury.[7]

The plaintiff contends that the city's knowledge of the alleged dangerous condition is supported by the department employee's acknowledgment that he did not believe that the city

---

[7] The plaintiff also notes that the jungle gym was built for children who were expected to use it. However, the fact that the jungle gym was built for children suggests only that the city had knowledge that children would confront a jungle gym for recreation.  This does not provide any suggestion that the city knew that the children would be forced to confront a dangerous condition upon using the jungle gym.

had a duty to maintain the jungle gym and by the subsequent removal of the jungle gym. However, each of these occurrences transpired <u>after</u> plaintiff's injury. Significantly, our decision in <u>Berman I</u> was based on the property owner's knowledge of a particular dangerous condition <u>at the time of the alleged injury</u>. <u>See</u> <u>Berman I</u>, 991 A.2d at 1051. Recognizing notice of an alleged defect received after the fact as falling within the exception to the RUS would render meaningless the distinction that this Court made in <u>Berman I</u>: it would not provide the property owner with the opportunity to guard against the dangerous condition. <u>See</u> <u>id.</u> (distinguishing <u>Berman I</u> from cases in which "there was no evidence that the governmental entity knew of the danger <u>and then failed to take any action to guard against it</u>" (emphasis added)). Accordingly, plaintiff's argument that the city's knowledge of the defect is supported by these later occurrences is without merit.

Without knowledge on behalf of the landowner of either the particular defect or similar injuries, we cannot conclude that the landowner willfully disregarded a known risk of injury. Therefore, it was not error for the hearing justice to determine that the exception of § 32-6-5(a)(1) was inapplicable to the plaintiff's case.

## IV

### Conclusion

For the reasons set forth above, we affirm the grant of summary judgment for the defendant.



**TITLE OF CASE:**     Michaela Symonds, by and through her mother and natural guardian, Rhonda Symonds v. City of Pawtucket et al.

**CASE NO:**     No. 2012-171-Appeal.
(PC 05-514)

**COURT:**     Supreme Court

**DATE OPINION FILED:**     November 3, 2015

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     Associate Justice Gilbert V. Indeglia

**SOURCE OF APPEAL:**     Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Sarah Taft-Carter

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Kara M. Fay, Esq.

For Defendants:  Frank J. Milos, Jr., Esq.
Stephen Schonhoff, Esq.