Supreme Court
No. 2017-57-Appeal.

Ann Marie DiLibero                          :

v.                                          :

Mortgage Electronic Registration Systems,   :
Inc., et al.

**O R D E R**

This case came before the Supreme Court on November 7, 2018, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The plaintiff, Ann Marie DiLibero (plaintiff or DiLibero), appeals from the entry of summary judgment in the Superior Court in favor of defendants, Mortgage Electronic Registration Systems, Inc. (MERS); UBS Real Estate Securities, Inc. (UBS); USA Residential Properties, LLC (USA Residential); and Rushmore Loan Management Services, LLC (Rushmore) (collectively, defendants). After considering the parties' written and oral submissions and after reviewing the record, we conclude that cause has not been shown and proceed to decide the appeal at this time. For the reasons set forth herein, we affirm the judgment of the Superior Court.

This appeal marks the second time that DiLibero has appeared before us seeking relief from a Superior Court decision in this action to enjoin foreclosure or eviction proceedings. *See DiLibero v. Mortgage Electronic Registration Systems, Inc.*, 108 A.3d 1013 (R.I. 2015) (*DiLibero I*). We will recount only those facts necessary for our disposition of this appeal. On January 31, 2007, DiLibero executed a promissory note in favor of New Century Mortgage

Corporation (New Century) in the amount of $255,000. The note was secured by a mortgage on certain property located at 9 Jencks Road in Foster. The mortgage identified New Century as the lender, but named MERS as the mortgagee and nominee for New Century and New Century's successors and assigns; the mortgage was granted to MERS and "the successors and assigns of MERS."

On April 2, 2007, New Century filed a Chapter 11 bankruptcy petition with the United States Bankruptcy Court for the District of Delaware; and, on April 6, 2007, New Century negotiated its ownership interest in the note and transferred its servicing rights in the loan to Bank of America, N.A. On August 8, 2007, Bank of America negotiated its ownership interest in the note to UBS, and, on October 31, 2007, Bank of America transferred servicing of the loan to UBS Special Servicing Group. Subsequently, on March 19, 2008, during the course of the bankruptcy proceedings, New Century filed a notice of rejection of its executory contract regarding its membership agreement with MERS and its status as a MERS member.

According to defendants, DiLibero defaulted on the loan on or about January 1, 2009, by failing to make the required monthly payments. MERS assigned the mortgage to UBS on July 20, 2009. Approximately one year later, on August 1, 2010, UBS Special Servicing Group transferred servicing of the loan to Rushmore, and Rushmore sent DiLibero a notice of default on October 25, 2010. UBS assigned the mortgage to USA Residential on December 28, 2010; and, on March 8, 2011, Rushmore and USA Residential sent DiLibero a notice of acceleration. When DiLibero failed to make the necessary payments, Rushmore and USA Residential initiated foreclosure proceedings, sending the proper notice and scheduling a foreclosure sale for August 2, 2011. On August 2, 2011, USA Residential purchased the property at the foreclosure sale.

On August 11, 2011, DiLibero filed the present action in Superior Court against defendants, seeking injunctive relief and a declaration that the mortgage assignments were void and the foreclosure sale was invalid. She also sought to quiet title and claimed that she did not receive a valid default letter or notice. Instead of an answer, defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. A hearing on defendants' motion to dismiss was held on February 28, 2012; in a written decision, the Superior Court granted the motion and dismissed the case.

On appeal, this Court vacated the judgment. The Court credited the allegations of DiLibero's complaint as true and concluded that "when New Century filed its rejection of the executory contract with MERS, the contract was breached and its relationship with MERS was terminated. Thus, the subsequent assignment of the mortgage executed by MERS to UBS would be void *ab initio* because the assignor, MERS, had nothing to assign." *See DiLibero I*, 108 A.3d at 1017 (internal citation omitted). The case was remanded to the Superior Court, and counsel for DiLibero subsequently filed a motion to withdraw from representing her, claiming that DiLibero had filed two bankruptcy actions without informing him; the motion was granted on August 5, 2015.

On March 4, 2016, defendants moved for summary judgment pursuant to Rule 56, attaching two affidavits in support of the motion. A hearing was scheduled for April 26, 2016. DiLibero, acting *pro se*, failed to file an objection to defendants' motion, but she appeared and sought a continuance in order to obtain legal counsel. The hearing was continued to May 10, 2016, and, on that day, DiLibero again sought a continuance, claiming that she did not have sufficient funds to pay her previous attorney and that a regional director of a mortgage company was assisting her in finding representation. The Superior Court continued the hearing

to June 15, 2016, conditioned upon DiLibero paying defendants $500 per month, with the first payment due by June 1, 2016, for the fair use and occupancy of the property.

On June 15, 2016, DiLibero, having again failed to obtain legal counsel, claimed that, when she attempted to obtain counsel, she was informed that there was too much involved in the case for new counsel to handle and that it would be too costly. The motion justice indicated that he had afforded her adequate time to secure substitute counsel and that if DiLibero wished to argue in opposition to summary judgment, she could do so as a *pro se* litigant. Although DiLibero remained *pro se*, she failed to articulate any grounds in opposition to summary judgment and merely relied upon a certified copy of New Century's rejection of its executory contract with MERS that was filed in the bankruptcy proceeding. The defendants pointed to two affidavits filed in support of summary judgment that attested that New Century had transferred the note to Bank of America before it rejected the executory contract with MERS, and so they alleged that the assignment of the mortgage by MERS to UBS was in fact valid because MERS had assigned the mortgage on behalf of Bank of America, not New Century. The motion justice concluded that DiLibero had failed to submit any evidence to dispute the facts established by defendants' affidavits and granted the motion for summary judgment. The plaintiff timely appealed.[1]

---

[1] Our review of the record reveals several errors in the filing of the final judgment in the Superior Court. The order and judgment granting defendants' motion for summary judgment and entering judgment in favor of defendants indicates that it was "entered" on January 27, 2016, and it was signed by the hearing justice on June 21, 2016. It was docketed on June 15, 2016. However, the parties stipulate that the judgment did not actually appear on the electronic docket until September 15, 2016, followed by DiLibero filing her notice of appeal on September 30, 2016. Rule 58(a) of the Superior Court Rules of Civil Procedure states that every judgment must be set forth on a separate document, and is effective when entered by the clerk. Therefore, because no appeal can be taken until a judgment is entered and because the parties stipulate that the judgment did not appear on the electronic docket until September 15, 2016, we address DiLibero's appellate contentions in this case.

We review a ruling granting summary judgment on a *de novo* basis. *Mruk v. Mortgage Electronic Registration Systems, Inc.*, 82 A.3d 527, 532 (R.I. 2013). We "view[] the evidence in the light most favorable to the nonmoving party[,]" *id.*, and we will affirm a grant of summary judgment if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case[.]" *Beauregard v. Gouin*, 66 A.3d 489, 493 (R.I. 2013) (internal quotation marks omitted).

On appeal, DiLibero raises several arguments in support of her contention that the Superior Court erred in granting summary judgment. First, DiLibero contends that, by presenting the certified copy of the New Century rejection of its MERS membership, she established that MERS was not the agent or nominee for New Century in March 2009 and, thus, the assignment of the mortgage from MERS to UBS was void. DiLibero next argues that the motion justice made inappropriate findings of fact when he found that the note had been transferred from New Century to Bank of America. In addition, DiLibero alleges that, because defendants failed to comply with the notice requirements set forth in G.L. 1956 § 34-27-3.1, she did not receive proper notice of default. Finally, DiLibero claims that summary judgment was inappropriate because she did not receive a copy of the motion or the memorandum in support thereof filed by defendants.

After a thorough review of the record, it is clear that DiLibero failed to submit competent evidence sufficient to raise a genuine issue of material fact as to whether the assignment of the mortgage by MERS to UBS was valid. *See Moura v. Mortgage Electronic Registration Systems*, *Inc.*, 90 A.3d 852, 856 (R.I. 2014). Instead, DiLibero failed to object to the motion and then failed to articulate a legitimate argument in opposition to summary judgment. Although DiLibero submitted a certified copy of New Century's rejection of its executory contract with

MERS filed in the bankruptcy court, she failed to contradict the affidavits attached to defendants' memorandum in support of summary judgment through argument or documentary evidence. We recognize that DiLibero was a *pro se* litigant during the summary judgment proceedings; however, "[e]ven if a litigant is acting pro se, he or she is expected to familiarize himself or herself with the law as well as the rules of procedure." *Faerber v. Cavanagh*, 568 A.2d 326, 330 (R.I. 1990). Accordingly, because DiLibero was afforded several opportunities to defend against defendants' motion for summary judgment and failed to do so, we are of the opinion that the hearing justice did not err in granting summary judgment in favor of defendants.

Our review of the record also reveals that the arguments that DiLibero now raises on appeal were not raised during the summary judgment hearing. This Court has explained on several occasions that "if an issue was not properly asserted, and thereby preserved, in the lower tribunals, this Court will not consider the issue on appeal." *Miller v. Wells Fargo Bank, N.A.*, 160 A.3d 975, 980 (R.I. 2017). Consequently, DiLibero's arguments before this Court have been waived.

For the foregoing reasons, the judgment of the Superior Court is affirmed, and the record may be remanded thereto.

Entered as an Order of this Court this 7th day of January, 2019.

By Order,

_____
/s/
Clerk

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Ann Marie DiLibero v. Mortgage Electronic Registration Systems, Inc., et al. | |
| **Case Number** | No. 2017-57-Appeal. (PC 11-4645) | |
| **Date Order Filed** | January 7, 2019 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer From Lower Court** | Associate Justice Allen P. Rubine | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>John B. Ennis, Esq. | |
| | For Defendant:<br><br>Thomas J. Walsh, Esq. | |